IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | |
| ) | |
| Michael P. Dolbec ) | Case No. 25-30154 |
| ) | (Chapter 7) |
| Debtor. ) | |
| ) | |

**OPPOSITION TO MOTION FOR TURNOVER**

Comes now Michael P. Dolbec ("Mr. Dolbec" or the "Debtor"), by and through undersigned counsel, and in opposition to the Motion for Turnover (the "Motion," as found at DE #55) filed by Gene W. Doeling, the Chapter 7 trustee herein (the "Trustee"), states as follows:

**I.    Introduction**

The Motion seeks an order compelling the Debtor to turn over property the Trustee characterizes as nonexempt, including: (i) an alleged nonexempt portion of Debtor's bank account in the amount of $3,567; (ii) purported undisclosed prepaid rent totaling $21,307; (iii) an $8,000 prepaid deposit to O'Keeffe O'Brien Lyson Ltd ("O'Keeffe"); (iv) an Arctic Cat 500 with snowblade, estimated to have a value of $2,000; and (v) alleged property located in China, including a prototype boat, together with related documents or information necessary to liquidate such property.

The Debtor does not dispute the Trustee's statutory authority to seek turnover of nonexempt estate property in appropriate circumstances, nor does the Debtor contend that the Motion was brought for an improper purpose. The Motion instead presents a narrow but dispositive legal question: whether the relief requested falls within the limited scope of section 542 of title 11 of the United States Code (the "Bankruptcy Code") and whether turnover is available on the facts presented. As set forth below, the Trustee seeks turnover of property the Debtor does not presently

1

possess or control, property held by third parties, contingent or unmatured interests, and assets whose ownership is disputed. Section 542 does not authorize turnover in these circumstances. Accordingly, the Motion should be denied. In the alternative, any relief should be narrowly limited as set forth herein.

## II.     Standard

Section 542(a) of the Bankruptcy Code provides that an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title must deliver such property to the trustee, unless the property is of inconsequential value or benefit to the estate. 11 U.S.C. § 542(a). Section 363, in turn, authorizes a trustee to use, sell, or lease "property of the estate." 11 U.S.C. § 363(b). "Property of the estate" is defined by section 541(a)(1) to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Read together, these provisions limit turnover to property that (i) constitutes property of the estate, and (ii) is within the possession, custody, or control of the entity from whom turnover is sought at the time the relief is requested.

## III.    Argument

Turnover under section 542 is a limited remedy and is not available where the property sought does not exist in the debtor's possession or control at the time relief is requested. A court may not compel delivery of property that the debtor does not have or use turnover as a substitute for other remedies provided by the Bankruptcy Code. *See* 11 U.S.C. § 542(a).

The Supreme Court has explained that turnover is appropriate only where the evidence establishes both the existence of the property (or its proceeds) and possession or control of that property by the defendant at the time relief is sought. *Maggio v. Zeitz*, 333 U.S. 56, 63–64 (1948).

Where property has been dissipated or transferred and is no longer in the defendant's possession, a turnover order is improper because a court cannot compel delivery of something the defendant does not have. *Id.*

The Eighth Circuit has applied the same principle in the bankruptcy context. In *Brown v. Pyatt (In re Pyatt)*, the trustee sought turnover of funds that had been in the debtor's bank account on the petition date but were later transferred when checks cleared. 486 F.3d 423 (8th Cir. 2007). The court held that a Chapter 7 trustee could not compel turnover of funds that were no longer within the debtor's possession or control at the time the turnover motion was filed. *Id.* at 428–30. The court further explained that section 542 does not operate as a collection device or a substitute for avoidance and recovery remedies; rather, it imposes a duty to deliver property only while possession or control remains. *Id.* Applying this framework, each of the Trustee's turnover requests fails, as addressed below.

### a. Alleged Nonexempt Portion of Debtor's Bank Account Balance Totaling $3,567

The Trustee seeks turnover of an alleged nonexempt portion of the Debtor's Tru Bank account in the amount of $3,567. By the time the Trustee sought turnover, however, the funds were no longer within the Debtor's possession or control, having already been applied to the purchase of a work-truck toolbox necessary for the Debtor's employment, as disclosed on Schedule A/B. A debtor may not be compelled to turn over funds that are no longer within the debtor's possession or control at the time the turnover demand is made. *Pyatt*, 486 F.3d at 428–29.

Even if possession or control could be established, the Trustee's request also assumes—without analysis—that the funds were nonexempt. To the contrary, the funds were promptly applied to acquire tools of the trade necessary for the Debtor's employment and were properly claimed as exempt under N.D.C.C. § 28-22-03.1(3). Exemption statutes are construed liberally in

3

favor of the debtor, and the burden of proof rests with the objecting party. *In re Wallerstedt*, 930 F.2d 630, 631–32 (8th Cir. 1991); Fed. R. Bankr. P. 4003(c). Absent a timely and sustained objection, property properly claimed as exempt is exempt as a matter of law. 11 U.S.C. § 522(l); *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992).

For these reasons, turnover should be denied as to the bank account funds. At most, the Debtor's obligation should be limited to providing relevant documentation, with any exemption dispute resolved through the proper procedures.

**b. Alleged Undisclosed Prepaid Rent of $21,307**

The Trustee's request for turnover of "undisclosed prepaid rent" fares no better. The Lease, attached hereto as Exhibit A (the "Lease"), reflects that the Debtor's upfront payment was required as consideration for a fixed-term residential lease, not as a cash asset retained by the Debtor. The Lease provides for a nine-month term beginning May 1, 2025, and ending January 31, 2026, with monthly rent of $2,200, and includes a handwritten provision requiring the tenant to prepay rent due to credit considerations.

Prepaid rent, by its nature, is transferred to and held by the landlord as consideration for the right of occupancy and is consumed over the term of the lease. It does not remain a discrete fund owned or controlled by the tenant. By the time the Trustee filed the Motion on January 6, 2026, the lease term was nearly complete, and the prepaid rent had already been applied to housing expenses, leaving no identifiable funds within the Debtor's possession or control. Section 542(a) does not authorize turnover of property that no longer exists in the debtor's hands. *Pyatt*, 486 F.3d at 429; *In re Borchert*, 143 B.R. 917, 919 (Bankr. D.N.D. 1992).

To the extent the estate holds any interest, it is limited to a contingent contractual right against the landlord for return of any security deposit remaining after lease termination, inspection,

4

and lawful deductions. Such a claim is unmatured and enforceable, if at all, only against the landlord—not the Debtor—and therefore is not subject to turnover under section 542(a). *See Lovald v. Falzerano (In re Falzerano)*, 686 F.3d 885, 887 (8th Cir. 2012). The Trustee's remedy, if any, lies in pursuing the landlord directly when and if any refundable amount becomes payable. Accordingly, the Trustee's request for turnover of prepaid rent should be denied.

### c. Alleged Prepaid Deposit of $8,000 to O'Keeffe O'Brien Lyson Ltd.

The Trustee's demand for turnover of an $8,000 prepaid retainer likewise fails. The retainer was paid prepetition to O'Keeffe O'Brien Lyson Ltd. ("O'Keeffe") as consideration for legal services. Upon receipt, the funds were deposited into O'Keeffe's client trust account and were therefore not within the Debtor's possession, custody, or control. Accordingly, the Trustee's request for turnover of the O'Keeffe retainer should be denied.

### d. Alleged Arctic Cat 500 with Snowblade

The Trustee asserts that the Debtor owns an Arctic Cat 500 with a snowblade and seeks turnover of the vehicle. The Debtor disputes that assertion and contends that legal title has at all times remained with a third party, River City Sports of Bismarck, North Dakota. The Debtor's use of the ATV arose from a long-standing informal arrangement, dating back to approximately 2005, under which the Debtor provided services in exchange for permission to use the vehicle. No written agreement transferring ownership was executed, and title was never conveyed to the Debtor. At most, the Debtor's interest consists of permissive use or a disputed, unadjudicated equitable claim.

Turnover under section 542 is limited to property of the estate—that is, the Debtor's legal or equitable interests as of the petition date. 11 U.S.C. § 541(a)(1). Where the Debtor does not hold title to the property and ownership is disputed, turnover is not an appropriate vehicle to resolve competing ownership claims. *See Maggio*, 333 U.S. at 63-64; *Evans v. Robbins*, 897 F.2d

5

966, 968 (8th Cir. 1990). The Debtor separately purchased a detachable plow attachment for the ATV, which has a modest resale value of approximately $300. The Debtor will amend Schedule A/B to disclose the plow attachment and, if applicable, will claim an exemption for that item. Because the Debtor does not hold title to the ATV, the Trustee has not established that the Arctic Cat 500 constitutes property of the estate subject to turnover.

### e. Alleged Property in China

Finally, the Trustee seeks turnover of alleged "property in China," including a prototype boat, as well as "documentation to liquidate" that property. The only document identified in support of this request is a pro forma invoice attached as Exhibit B, which reflects a total purchase price of approximately $17,752 and conditions shipment on full payment of the stated deposit and remaining balance. The invoice does not evidence delivery, transfer of title, or the existence of any presently deliverable property, nor does it contain any representation or warranty that a finished product exists or will be produced absent further payment.

To the extent the Trustee believes the pro forma invoice reflects an enforceable right to property or repayment, the appropriate course is to pursue any such claim directly against the foreign vendor. Any effort to obtain property or recover funds from that third party must proceed through an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 and would require service and enforcement consistent with applicable international process, including the Hague Convention. The Trustee's request for turnover from the Debtor therefore seeks relief from the wrong party. Accordingly, the Trustee's request for turnover of the alleged property in China should be denied, without prejudice to the Trustee's ability to pursue any claims directly against the foreign vendor through the procedures provided by the Bankruptcy Code.

### IV.   Conclusion

WHEREFORE, Mr. Dolbec respectfully prays this Honorable Court (i) deny the Trustee's Motion for Turnover; and (ii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: January 26, 2026,        By:    /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 970-2770
christianna@dakotabankruptcy.com
*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Christianna A. Cathcart
Christianna A. Cathcart